[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10151

_____

Agency No. A200-138-599

SUBRAMANIAM RASANANTHAN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 17, 2009)

Before TJOFLAT, BLACK and COX, Circuit Judges.

PER CURIAM:

Subramaniam Rasananthan, a native and citizen of Sri Lanka, petitions for

review of the Board of Immigration Appeals' (BIA's) decision adopting and

affirming the Immigration Judge's (IJ's) denial of his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158 and 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c). On appeal, Rasananthan argues he should be granted asylum because (1) the IJ's adverse credibility finding is not supported by substantial evidence, (2) the IJ failed to properly address his fear of future persecution due to an alleged pattern or practice of persecution of Tamils, and (3) the IJ failed to provide a reasoned decision pertaining to Rasananthan's CAT relief claim. After the benefit of oral argument, and reviewing the record and the parties' briefs, we deny the petition in part, and remand in part.

## I.

The IJ found Rasananthan's testimony "was simply too inconsistent internally and with the documents submitted to provide any basis for relief or any basis for a finding that he was in any way credible." Rasananthan asserts substantial evidence did not support the IJ's adverse credibility determination.[1]

---

[1] We review the BIA's decision, except to the extent it expressly adopts the opinion of the IJ. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA adopted and affirmed the IJ's decision, and summarily found the adverse credibility finding was not clearly erroneous, we will review the IJ's decision. *See id.*

The REAL ID Act permits credibility to be determined based on the totality of the circumstances and all relevant factors. 8 U.S.C. § 1158(b)(1)(B)(iii). Such factors include the demeanor and candor of the applicant or witness and the consistency of his testimony and written and oral statements, regardless of whether they go to the heart of the claim. *Id.*

The IJ made an explicit credibility determination; therefore we view the credibility finding as conclusive unless a reasonable factfinder would be compelled to conclude to the contrary. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). After reviewing the record, we conclude substantial evidence supports the IJ's adverse credibility finding. *See D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818-19 (11th Cir. 2004)(reviewing IJ's credibility determination under the substantial evidence test). The IJ identified several key inconsistencies within Rasananthan's testimony and between his testimony and other record material. Taken together, these inconsistencies demonstrate by the totality of the circumstances that substantial evidence supported the IJ's adverse credibility finding. Because Rasananthan's testimony as a whole was deemed incredible, and such a finding was supported by substantial evidence, we affirm the IJ's adverse credibility finding.

II.

3

Rasananthan argues he proved his eligibility for asylum and withholding of removal based on the Sri Lankan army's pattern or practice of persecuting Tamils, and the IJ failed to address the claim.

The Government's brief does not address Rasananthan's pattern or practice argument; rather, in one sentence in the last paragraph of its brief, the Government contends the IJ's adverse credibility finding subsumes the pattern or practice claim. The Government further explained this position both at oral argument and in its response to Petitioner's supplemental authority, and argued the IJ found Rasananthan's testimony to be "wholly incredible" and this determination thus applied to Rasananthan's claim he was an ethnically Tamil Sri Lankan.

The Government's position is as follows: The IJ's adverse credibility finding was comprehensive and included an adverse credibility finding as to ethnicity[2]; accordingly, because Rasananthan failed to credibly establish he was a Tamil, his pattern and practice claim necessarily fails. We agree with the Government to the extent it argues a specific adverse credibility finding as to ethnicity would preclude a pattern or practice claim. *See* 8 C.F.R. § 208.13(b)(2)(iii)(B) (stating an asylum applicant must establish "his or her own inclusion in, and identification with, such group of persons such that his or her fear of persecution upon return is

---

[2] The Government's brief does not respond to the Petitioner's allegation that the birth certificate introduced into evidence established his Tamil ethnicity.

4

reasonable"). However, we do not read the IJ's decision as making an adverse credibility finding with respect to Rasananthan's Tamil ethnicity.[3]

The Government conceded the IJ failed to address the pattern or practice claim, and asked this Court to remand for the limited purpose of adjudicating this claim if we determined the IJ's credibility determination did not apply to Rasananthan's ethnicity. Because we cannot determine whether Rasananthan credibly established he was a Tamil, we remand to the BIA for the limited purpose of addressing the denial of Rasananthan's pattern or practice claim based on his Tamil ethnicity.

### III.

Rasananthan also contends the IJ did not properly address, and erred in denying, his CAT relief claim. He asserts that even if the IJ's adverse credibility finding is upheld, he is entitled to CAT relief because such claim does not include a subjective component and is distinct from asylum relief.

To establish eligibility for withholding of removal under CAT, an applicant must show it is more likely than not he would be tortured if returned to the proposed country of removal. *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004).

---

[3] If the IJ did in fact intend to make an adverse credibility finding with respect to Rasananthan's ethnicity, this opinion does not preclude this finding on remand.

The CAT defines torture as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1).

The IJ properly addressed and denied Rasananthan's CAT relief claim. To the extent a CAT relief claim automatically fails when an applicant fails to establish eligibility for asylum, the IJ's brief summary denial of Rasananthan's CAT relief claim was proper. *See Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1292 (11th Cir. 2006). Nonetheless, a CAT relief claim differs from an asylum claim in that it does not include a subjective component. *See Cadet v. Bulger*, 377 F.3d 1173, 1180 (11th Cir. 2004). Therefore, in a case in which the denial of asylum depended on an alien's failure to demonstrate the subjective component, such as this one, the denial of CAT relief on the basis of the denial of asylum may not be proper.

In this case, however, the IJ discussed relevant CAT law, stated he "carefully considered all of the documentary evidence submitted," and never explicitly stated the denial of CAT relief was based solely on the denial of the

6

asylum claims. These factors indicate the IJ's consideration of the CAT claim was reasoned, albeit brief, included adequate findings, and was not wholly dependent on the asylum analysis. Therefore, the IJ sufficiently addressed Rasananthan's CAT relief claim independent of the asylum claims. Substantial evidence supports the IJ's denial of CAT relief because the evidence does not compel the conclusion it is more likely than not that torture would occur. *See Reyes-Sanchez*, 369 F.3d at 1242.

**PETITION DENIED IN PART** as to the claims based on past persecution and as to the CAT claim, and **REMANDED IN PART** as to the claims based on Petitioner's fear of future persecution due to an alleged pattern or practice of persecution of Tamils**.**